UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A., a
national banking association,

    Plaintiff,

v.

LAKE SHORE AMUSEMENT, INC., a
Michigan corporation, f/k/a JEFFERSON
BEACH MARINA, INC., WAGNER
FAMILY COMPANY, a Michigan Co-
Partnership, JEFFERSON BEACH
RESTAURANT CORP., a Michigan
corporation, JEFFERSON BEACH
PROPERTY, LLC, a Michigan limited
liability company, JEFFERSON BEACH
YACHT SALES, INC., a Michigan
corporation, ST. CLAIR SAILBOAT
CENTER, L.L.C., a Michigan limited
liability company, ALVIN WAGNER,
GEORGE CHESSLER, MARK
DIMASO, RANDALL KLUGE,
MICHELLE AMBROZY, THE OSCAR
W. LARSON CO., a Michigan
corporation,

    Defendants.

U.S.D.C. No. 2:07-11607
Hon. Avern Cohn
Referral Judge Steven D. Pepe


FILED
OCT 0 1 2007
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

_____/

### ORDER APPOINTING RECEIVER

At a session of said Court, held in the City of Detroit, County of Wayne, on _____,

PRESENT: HON:_____
                District Court Judge

This matter having come before the Court on the Motion of Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan"), the Court having considered the Motion, Brief and

Supplemental Brief in support and the exhibits attached thereto, and from its review of the foregoing, it appearing to the Court that:

A.   The Court has given consideration of JPMorgan's nominee, Basil Simon, to act as Receiver and the Court being duly advised in the premises;

IT IS HEREBY ORDERED that pursuant to the authority of MCL 600.2927 Basil Simon, Esq. is appointed to act as Receiver (hereinafter the "Receiver") over the real property in accord with such statutes and the orders of this Court in order to protect the interests of all interested parties in the property. Such appointment is effective immediately upon the entry of this Order and shall continue through the pendency of this action or until further order of this Court, as set forth below. The property subject to the Receiver's control is the Property (as identified and described in the Complaint, excluding the Jefferson Beach Marina business), and without limitation, all of the following:

   a. All fixtures of every kind and nature whatsoever located in or upon or attached to, and used or intended to be used in connection with or with the operation of, the Property and any buildings, structures or other improvements thereon;

   b. All machinery, apparatus, equipment, materials, supplies, point of sale equipment, and articles of personal property located in, upon, or under the Property that are subject to the security interests of JPMorgan as defined in the Complaint and Motion;

   c. Subject to Paragraph 2 of the Addendum to Order Appointing Receiver, all rents and revenue relating to the operation of the Property; and

   d. All other property, estate, right, title and interest as described in the Mortgages and Notes given by the Borrowers (as that term is identified and defined in the Complaint) to JPMorgan.

IT IS FURTHER ORDERED that the Receiver is authorized and directed to take immediate possession and full control of the Property and to take any and all necessary and appropriate action to effectuate its possession and control over same (with the help

2

of the Marshall if necessary) and otherwise prevent waste and to preserve, secure, and safeguard such Property.

IT IS FURTHER ORDERED Defendants and all their employees and agents are directed to turn over to the Receiver and agents designated by the Receiver, copies of all agreements, documents, and records useful in the operation and marketing for sale of the Property including, but not limited to, leases, supply and vendor contracts, building permits, plumbing and HVAC drawings, site engineering drawings (for streets, utilities, sanitary sewers, etc.), landscape architectural drawings, soil boring reports, surveys, environmental reports, construction or materials contracts, architectural or design diagrams, building specifications, marketing materials, brokerage agreements and such other documents as may be requested by the Receiver.

IT IS FURTHER ORDERED that the Receiver shall maintain and preserve the records received and shall return them to the producing party within 30 days of the termination of the Receivership. The producing party shall be allowed to inspect and photocopy records produced with reasonable written notice of such request.

IT IS FURTHER ORDERED that, subject to the terms of this Order, the Receiver is empowered and directed to manage the Property, including conserving, protecting, maintaining and repairing the Property as reasonable prudence dictates. In so doing, the Receiver is empowered to honor or terminate existing leases and contracts, and to enter into additional leases with tenants and contracts for goods and services required for the operation of the Property, to the extent that the Receiver deems appropriate, including termination of any existing management contract with the management company currently operating the Property with the prior written concurrence of JPMorgan, provided, however, except as otherwise specifically

3

permitted by this Court, the Receiver is not authorized to pay debts incurred without its authorization, or debts for which an invoice was received by Defendants prior to the date of this Order, unless and to the extent that the Receiver, with the prior concurrence of JPMorgan, determines that failure to pay any such debt would be detrimental to the operation of the Property.

IT IS FURTHER ORDERED that all leases and other instruments or contracts executed by the Receiver shall indicate that it is acting solely in its capacity as Receiver of the Property.

IT IS FURTHER ORDERED that the Receiver is authorized to exercise all powers generally available to receivers under the laws of the State of Michigan, under the Revised Judicature Act (MCL 600.2926), and in accord with the terms of this Order, including hiring services of any professional the receiver deems necessary to carry out its duties.

IT IS FURTHER ORDERED, subject to paragraph 2 of the Addendum to Order Appointing Receiver, that the Receiver shall have full power to collect the rents, revenues, income, issues, profits and all other benefits of the Property, and to apply said revenues and income in the following order of priority, and in a commercially reasonable manner:

(a) To the actual reasonable fees and disbursements of the Receiver, including, without limiting the generality of the foregoing, the fees set forth below, the payment of all expenses of the Receivership and the payment of all of Receiver's employees' wages and salaries, all as approved by the Court in accordance with the procedures set forth below;

(b) To real property taxes pertaining to the Property and to personal property taxes relating to the Property to the extent such taxes will not be extinguished by the foreclosure of the Property;

4

(c) To the costs and expenses of operating the Property, including the payment of reasonable and necessary repairs, maintenance, utilities, insurance premiums (including fire and extended coverage, liability and worker's compensation incident thereto), and other similar current operating expenses of the Property incurred from and after the effective date hereof; and

(d) To all principal, interest, late charges, pre-payment premiums, escrow charges and costs of collection due or to become due to JPMorgan pursuant to the Borrowers' obligations under the Loan Agreement, Note, Mortgages and Security Agreements.

(e) To all other secured creditors of the Borrowers.

IT IS FURTHER ORDERED that if the rents, revenues, income, issues, profits and all other benefits of the Property are insufficient to preserve and operate the Property as this Order requires, the Receiver is authorized to request that JPMorgan advance funds under the referenced mortgages or alternatively to borrow funds from JPMorgan and to execute all notes, amendments to loan agreements and other documents on behalf of the Borrowers as the Receiver deems appropriate in borrowing such funds upon terms and conditions substantially the same as the existing loan terms. JPMorgan, however, is under no obligation to grant any such request for funds to the Receiver.

IT IS FURTHER ORDERED that any sums advanced by JPMorgan to or for the benefit of the Receiver to fund the making of any expenditures, and any sums advanced by JPMorgan to or for the benefit of the Receiver for payment of taxes pertaining to the Property, shall be added to the indebtedness evidenced by the Note, shall bear interest at the highest per annum rate set forth in the Loan Agreement and Note, shall be apart of the indebtedness guaranteed by the Guarantors (as that term is identified and defined in the Complaint) to JPMorgan and, if made before the expiration of the redemption period, evidence thereof shall be filed and recorded in such manner as will

assure that such sums shall be included in the amount required to redeem from the foreclosure sale.

IT IS FURTHER ORDERED that the Receiver shall provide periodic reports to the Court on a monthly basis with respect to the discharge of its duties as Receiver. The Receiver will allow the parties, or their respective agents, at reasonable times to examine and inspect the Property subject to the Receivership and the Receiver's books and records.

IT IS FURTHER ORDERED that the Receiver shall be reimbursed for its out of pocket expenses.

IT IS FURTHER ORDERED that the appointment of the Receiver shall not conflict with JPMorgan's institution or continuance of foreclosure of the Mortgages by advertisement.

IT IS FURTHER ORDERED that all parties hereto, and all persons acting by, through or under any of them, and all persons receiving notice of this Order, are hereby enjoined from interfering with the possession and operation of the Property by the Receiver and the Receiver's agents and employees.

IT IS FURTHER ORDERED that no person or entity shall file suit against the Receiver or take other action against the Receiver without the express prior authorization of this Court. The Receiver is to have no personal liability in connection with any liabilities, obligations, liens, or amounts owed to any creditors of the Borrowers as a result of its duties as Receiver, or with respect to any of the Receiver's duties hereunder and the Receiver shall not be deemed an owner or operator under any statute establishing environmental liability. The Receiver and its employees, agents, and attorneys shall have no personal liability or obligation and shall have no claim

Stipulated to for entry by:

_____
J. Benjamin Dolan

_____
THOMAS KALAS

_____
Jesus T. Shaman

_____
Counsel for Guarantors

8

asserted against them in connection with the Receiver's duties under this Order for all actions taken in good faith in reliance upon the terms of this Order. All parties to this action, and all those in active participation or concert with them who receive notice of this Order and all those having claims against the Property who receive notice of this Order are enjoined from interfering with the actions of the Receiver in carrying out its duties under this Order.

IT IS FURTHER ORDERED that unless this Court orders otherwise, this Receivership shall terminate upon the earlier of (1) the expiration of the period of redemption following a Judgment of Foreclosure and Sheriff's Sale of The Property, or (2) a sale of the Property. The Receiver may in its discretion petition this Court to be relieved of these duties in the event it concludes the receivership ceases to be practical.

IT IS FURTHER ORDERED that the Receiver shall submit its final accounting for approval by this Court within 30 days following the termination of the Receivership. Upon approval of the final accounting, the Receiver shall be discharged from office and its bond cancelled.

IT IS FURTHER ORDERED that this Order may be amended from time to time with the prior concurrence of JPMorgan, but no subsequent order amending this Order shall affect the rights of any person or party who has acted to its detriment in reliance upon the provisions of this Order before being advised of such subsequent amendment.

IT IS FURTHER ORDERED that the Receiver shall file a bond in the sum of $10,000 issued by a corporate surety in the usual form of such bonds.

IT IS SO ORDERED.

_____
District Court Judge

## ACCEPTANCE OF RECEIVERSHIP

I accept the duties of the Receiver as set forth in this Order.

Basil Simon

*[signature]*

Dated: 10/1, 2007

BLOOMFIELD 7-4002 700857

9